IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                    Case Nos.:    3:09cr48/LAC
                                     3:10cv437/LAC/EMT
MICHAEL COBB

---

# REPORT AND RECOMMENDATION

Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 40), the Government filed a response (doc. 45), and Defendant filed a reply (doc. 49). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

## Background and Discussion

Defendant pleaded guilty pursuant to a standard written plea and cooperation agreement to conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and fifty (50) grams or more of cocaine base, as well as possession of a firearm by a convicted felon (*see* docs. 31, 42). He was sentenced to the statutorily-mandated term of life imprisonment on the cocaine offense and a concurrent term of ten-years imprisonment on the firearm offense (*see* docs. 36, 43). Defendant did not appeal, but he later filed the instant motion to vacate raising numerous claims of ineffective assistance of counsel, including a claim that counsel was ineffective for his failure to file an appeal (doc. 40). After initial review of the parties' submissions, this court issued an order directing Defendant to file a supplemental affidavit setting forth with particularity the details of his request that counsel file an appeal, warning him that separate false statements could result in a prosecution for perjury (doc. 51). In lieu of filing an affidavit, Defendant sent a letter to

the undersigned in which he indicates that he wishes to "cancel" his § 2255 motion (doc. 52). He apologizes to the court for the inconvenience and notes that he was "under the influence of other inmates [sic] as far as seeking a 2255" (*id.*). He further states he is trying to better himself with the programs and education provided in prison and that for now he "wish[es] to cancel this 2255" (*id.*).

The court has not undertaken an exhaustive review of the record in light of Defendant's request to withdraw his motion. However, it notes Defendant's extensive criminal history set forth in the Pre-Sentence Investigation Report, which supported the application of the statutorily-mandated life sentence, as well as the district court's admonition at sentencing that a Rule 35 was Defendant's only hope to escape the life sentence (doc. 43 at 5). Further, a cursory review of the claims presented in Defendant's § 2255 motion does not suggest that he would be entitled to relief. Therefore, his request to withdraw his motion should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's "Letter to Judge Timothy" (doc. 52), construed as a motion to withdraw Defendant's § 2255 motion, be **GRANTED**.

2. That Defendant's § 2255 motion (doc. 40) be **DENIED as moot**.

At Pensacola, Florida, this 27<u>th</u> day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**